IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN RE:                                )
                                      )
SHONDIA BROWN,                        )   Case No. 11-10579
                                      )
        Debtor.                       )
                                      )
_____)

**MOTION TO DETERMINE DISTRIBUTION OF**
**CHAPTER 13 ATTORNEY FEES IN CONFIRMED CASES**

NOW COMES Kristen S. Nardone, the attorney of record for the Debtor(s), and hereby moves the Court for a determination of entitlement and distribution of Chapter 13 attorney fees. In support hereof, the undersigned hereby shows the Court as follows:

1. The Debtor(s) filed this Chapter 13 bankruptcy proceeding on April 12, 2011 (the "Petition Date"). Kristen S. Nardone (the "Attorney") filed the case as the attorney of record and as of counsel with the firm of Mike Lewis Attorneys (hereinafter "MLA").

2. On September 6, 2011, the employment of the Attorney with MLA terminated (the "Date of Termination").

3. Pursuant to the rules and regulations of the North Carolina State Bar (the "Bar"), the Attorney and MLA sent selection forms to debtors in active bankruptcy proceedings informing said debtors of the employment change and giving them the following three options concerning ongoing representation in their case: (a) continue with Kristen Nardone as their attorney, (b) stay with MLA, or (c) choose a third party to represent them.

4. The Debtor(s) selected to have Kristen Nardone continue to represent them. A copy of the selection form is attached hereto and incorporated herein as "Exhibit A."

5. On the Date of Termination, the Debtor(s)' Chapter 13 plan was confirmed. Of the $3,000.00 base attorney fee, MLA received approximately $2,316.69. On the Date of Termination, there was approximately $683.31 of the base attorney fee remaining to be paid through the Chapter 13 plan. Upon information and belief, both the Attorney and MLA claim all or a portion of the unpaid fees.

6. There are arguably two rules of the Bar that apply to this situation. The first is 2003 Formal Ethics Opinion 11, which requires the departing attorney to be honest about legal fees. The other is 2008 Formal Ethics Opinion 8, which provides that the division of legal fees after departure must be reasonable and should not penalize or deter the departing attorney from continuing to represent the clients that choose her services.

7. There would be no incentive for the Attorney to remain attorney of record and provide representation for up to five years unless she receives the outstanding attorney's fees in this and other confirmed cases.

8. Upon information and belief, no Chapter 13 attorney's fees have been disbursed since the Date of Termination in order to allow the Attorney and MLA a chance to resolve the fee dispute issues between them. However, the parties have not reached an agreement at this

time.

9. Upon information and belief, on September 29, 2011, the Chapter 13 Trustees for the Winston-Salem and Greensboro Divisions (the "Trustees") will disburse attorney fees in these and other cases that could be claimed by the Attorney and/or MLA. To whom they will be disbursed is uncertain.

10. The Court should make a timely determination concerning these attorney fees in confirmed cases and should instruct the Trustees to continue to hold any and all disputed attorney fees until a resolution is reached.

11. There are also approximately sixty-one Chapter 13 cases in which the base attorney fee has been paid in full to MLA. To date, approximately twenty-four have chosen the Attorney, fifteen MLA, and twenty-two have not responded. A dispute exists between the Attorney and MLA as to attorney's fees paid out in said cases.

WHEREFORE, the Attorney prays the Court as follows:

1. Enter an Order determining the appropriate distribution of attorney's fees in this case and direct the Chapter 13 Trustees accordingly;

2. Instruct the Chapter 13 Trustees to continue to hold any and all disputed attorney fees until a resolution is reached between the parties or Ordered by the Court; and

3. For such further relief as the Court shall deem just and proper.

This the 27th day of September, 2011.

/s/ Kristen S. Nardone
KRISTEN S. NARDONE
N.C. Bar No. 28063
Attorney for the Debtor

OF COUNSEL:

Law Office of Amy S. Davis
PO Box 1394
Concord, NC 28026-1394
704-784-9440

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

IN RE: )
)
SHONDIA BROWN, ) Case No. 11-10579
)
Debtor. )
)

## CERTIFICATE OF SERVICE

The undersigned certifies that the pleading or paper to which this Certificate is affixed was served upon the persons listed below electronically, when available, or by mailing a copy of the same, postage prepaid, to the address below via first class mail with the United States Postal Service:

Michael D. West
Office of the U.S. Bankruptcy Administrator

Kathryn L. Bringle
Chapter 13 Trustee

Anita Jo Kinlaw Troxler
Chapter 13 Trustee

Shondia Brown
4806 Chapel Ridge Drive
Greensboro, NC 27405

R. Bradford Leggett
PO Drawer 5129
Winston-Salem, NC 27113-5129

This the 27th day of September, 2011.

/s/ Kristen S. Nardone
KRISTEN S. NARDONE
N.C. Bar No. 28063

__X__ I SELECT KRISTEN NARDONE TO REPRESENT ME IN MY BANKRUPTCY PROCEEDING AND DO NOT WANT TO BE CONTACTED FURTHER BY ANY OTHER ATTORNEYS.

_____ I SELECT MIKE LEWIS ATTORNEYS TO REPRESENT ME IN MY BANKRUPTCY PROCEEDING AND DO NOT WANT TO BE CONTACTED FURTHER BY ANY OTHER ATTORNEYS.

_____ I SELECT TO RETAIN OTHER COUNSEL TO REPRESENT ME IN MY BANKRUPTCY PROCEEDING.

*Shondra Brown* / Shondra Brown
Signature(s)/Print Name(s)

9-13-11
Date